UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:11-cr-16-WTL-KPF-1 |
| ) | |
| JAMA MIRE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ENTRY ON MOTION TO REVOKE DETENTION ORDER

Before the Court is the Defendant's Motion to Revoke Detention (Docket No. 29). This motion is fully briefed, and the Court, being duly advised, now **DENIES** the motion for the reasons set forth below.

### I. LEGAL STANDARD

18 U.S.C. § 3145(b) provides for district court review of a magistrate judge's release or detention order. Section 3145(b) states:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

Pursuant to § 3145(b), the district court must conduct a *de novo* review and need not defer to the magistrate's findings. The Court's review of the magistrate judge's decision may be by either reviewing the transcript or by holding a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). In this case, the Court shall exercise its discretion and shall conduct its *de novo* review without hearing additional argument.

### II. BACKGROUND

On February 15, 2011, the Defendant, Jama Mire, was charged by grand jury indictment with three counts of knowing distribution of a mixture or substance containing cathinone,[1] a Schedule I Narcotic Controlled Substance, in violation Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). Mire was arrested on February 17, and appeared before a Magistrate Judge on February 18. The Government moved to detain Mire under 18 U.S.C. §§ 3142(f)(1)(c) and 3142(f)(2)(A), submitting that he posed a serious danger to the community and that, if released, there was a serious risk that he would flee.

A detention hearing was held before a Magistrate Judge on February 24, 2011.[2] At the hearing, the Magistrate Judge noted that the grand jury indictment triggered the rebuttable presumptions that Mire posed a serious risk of flight and a danger to the community. *See* 18 U.S.C. § 3142(e). Mire appeared with counsel and proffered evidence regarding the factors set forth in 18 U.S.C. § 3142(g). Ultimately, the Magistrate Judge concluded that Mire failed to rebut the presumption that he is a serious risk of flight, and similarly found that Mire failed to rebut the presumption that he is a danger to the community and any other person. Thus, Mire was ordered detained pending trial. A formal order was issued on April 4, 2011 (Docket No. 38). Mire has moved for reconsideration of the detention order (Docket No. 29) and the Government has now responded (Docket No. 37). Having received and reviewed the record, including the audio recording of the detention hearing, this Court is now ready to rule on the Defendant's motion.

---

[1] Cathinone is colloquially referred to as "khat."

[2] A Somali interpreter was present in the courtroom that day and provided simultaneous interpretation for the Defendant.

## III.  DISCUSSION

The charges against Mire carry a maximum penalty of twenty years' imprisonment, a $1 million fine, and not less than three years to life on supervised release.  *See* 21 U.S.C. § 841(b)(1)(C).  Accordingly, there is a rebuttable presumption in favor of detention in this case.  *See* 18 U.S.C. § 3142(e)(3)(A).  Mire may rebut the presumption by producing contrary evidence showing that there are conditions of release that would reasonably assure that he will not engage in dangerous criminal activity or threaten the safety of the community pending trial.  This is the issue currently before the Court.  The Court's inquiry in this case is guided by the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the instant offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community.  *See* 18 U.S.C. § 3142(g).

**A.     Nature and circumstances of the offense charged.**

Mire is charged with three counts of knowing distribution of a mixture or substance containing khat.  He argues that a drug case involving khat is less serious than a drug case involving any other drug because "[k]hat, viewed through the prism of the United States Sentencing Guidelines is considered to be one one-hundredth (1/100th) as dangerous and serious as marijuana."  Docket No. 31 at 2.  Mire emphasizes that he "has no criminal conviction and is a likely candidate for diversion" so "it is unreasonable to detain [him] while he is awaiting trial

3

on an offense that will not likely require his incarceration if convicted." *Id*. at 2-3. Moreover, Mire emphasizes that the Government has now moved to continue the trial date, "which would result in a longer pre-trail [sic] detention." *Id*. at 3.

Mire's argument largely ignores the potentially dangerous effects of khat, which include: (1) heart disease; (2) hypertension; (3) cancer of the mouth; (4) gastric disorders; (5) hallucination; and (6) violent outbursts. Moreover, Mire downplays his role in what appears to the Court to be a sophisticated drug-trafficking enterprise. Given the protracted nature of Mire's conduct, as well as the dangers associated with khat, the Court concludes that this first factor weighs in favor of detention.

### B. Weight of the evidence against Mire.

At this point, the evidence against Mire is substantial and unrebutted. Mire has been indicted by the grand jury. Accordingly, this factor also weighs in favor of detention.

### C. The history and characteristics of the Defendant.

Section 3142(g)(3) instructs the Court to consider Mire's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense.

Mire was born in Somalia and is a Somalian citizen. He is lawfully present in the United States, having entered the country in 2004 as a refugee. Mire has been employed at the Somali House of Coffee in Indianapolis, Indiana for approximately two and one-half years. He resides in Indianapolis, holds a valid Indiana driver's license, and has filed and paid taxes. Mire does

not own any real property in either this district or this country. Mire does not have a valid passport, nor could the Somalian government issue him one. Mire's mother and sister reside in Indiana. He also has siblings in Ohio. Mire's telephonic activity indicates that he has associates in Ethiopia as well. He has no criminal history, nor is there any indication of either substance abuse or mental illness. The Government's Exhibits A and B, which were introduced at the Detention Hearing show Mire with a large cache of monies and depict an unknown male individual at the Somali House of Coffee with what appears to be plastic bags of khat on the table in front of him. There is no evidence of either substance abuse or mental illness. Given all of this, the Court concludes that both Mire's relatively minimal ties to the Southern District of Indiana and his contrastingly strong ties to foreign nations support detention in this case.

### D. Nature and seriousness of the danger to any person in the community and risk of flight.

Mire's only argument as to the nature and seriousness of the danger to the community is that khat is considered less serious than marijuana. *See* Docket No. 31 at 3. As the Court previously noted, khat is a serious drug associated with heart disease, hypertension, insomnia, cancer, and other adverse effects. Moreover, despite his lack of criminal history, Mire faces serious penalties in this case. Mire also emphasizes that he has no passport, which "make[s] the risk of flight minimal, if not impossible." *Id*. at 2. This ignores the fact that less than ten years ago, he was able to travel from Somalia to the United States.

Despite the fact that Mire claims that "conditions or combinations of conditions exist which would adequately protect the community and ensure [his] attendance at required proceedings," *id.* at 3, the Court concludes that Mire's minimal ties to the district and the country

and the presence of associates in Africa indicate that detention is appropriate. Accordingly, because the Government has shown by a preponderance of the evidence that Mire poses a serious risk of flight, and because it has also shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, detention is appropriate in this case.

## CONCLUSION

For the foregoing reasons Defendant's Motion to Revoke Detention (Docket No. 29) is **DENIED**.

SO ORDERED: 04/06/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to:

William H. Dazey Jr.
Indiana Federal Community Defenders
bill.dazey@fd.org

Mario Garcia
Brattain & Minnix
mgarcia@brattainminnix.com

William E. Marsh
Indiana Federal Community Defenders
bill.marsh@fd.org

Matthias David Onderak
United States Attorney's Office - EV
Matthias.Onderak@usdoj.gov

Cynthia J. Ridgeway
United States Attorney's Office

cynthia.ridgeway@usdoj.gov

U.S. Marshals Service

U.S. Probation Office